**LAW OFFICES OF JOSEPH S. MAY**
1388 SUTTER STREET, SUITE 810
SAN FRANCISCO, CALIFORNIA  94109
Tel. (415) 781-3333
joseph@josephmaylaw.com
JOSEPH S. MAY (State Bar #245924)

**GEARINGER LAW GROUP**
740 FOURTH STREET
SANTA ROSA, CALIFORNIA  95404
Tel. (415) 440-3102
brian@gearingerlaw.com
BRIAN GEARINGER (State Bar #146125)

Attorneys for Plaintiff C.M., A minor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.M., a minor, through his Guardian Ad Litem, ANDREWNETTIA DAVIS<br><br>Plaintiff,<br><br>v.<br><br>JOHN SWETT UNIFIED SCHOOL DISTRICT, SONYA GRAFFAM, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **42 U.S.C. § 1983**<br>2. **42 U.S.C. § 12131**<br>3. **29 U.S.C. § 794**<br>4. **Negligence**<br>5. **Negligent Hiring, Supervision, or Retention of Employee**<br>6. **Battery**<br>7. **Unruh Act (Cal. Civ. Code § 51)**<br>8. **Violation of Cal. Education Code § 200 et seq.**<br>9. **Violation of Mandatory Reporting Duty, Cal. Pen. Code § 11166**<br>10. **Bane Act (Cal. Civ. Code § 52.1)**<br>11. **Intentional Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff C.M., a minor ("Plaintiff") brings this complaint for damages by and through his Guardian Ad Litem, ANDRWENETTIA DAVIS, and alleges as follows:

## I.   JURISDICTION AND VENUE

1.    This court has original jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because (a) the public entity Defendant has its principal place of business in its jurisdictional area, (b) Plaintiff and the remaining named Defendants reside and/or work in its jurisdictional area, and (c) because the obligations and liabilities of all Defendants and/or DOES 1 through 50, inclusive, arise therein.

3.    Plaintiff alleges, pursuant to the California Government Code, including but not limited to sections 820 et seq., 830 et seq., and 840 et seq., that Defendant JOHN SWETT UNIFIED SCHOOL DISTRICT, SONYA GRAFFAM and DOES 1 through 50 are liable in tort for monetary damages for personal injuries as a result of the incident which occurred at Rodeo Hills Elementary School ("Rodeo Hills"), located in the County of Contra Costa, State of California, on or about October 15, 2018.

## II.   PARTIES

4.    At the commencement of this action, and at all relevant times, Plaintiff was a minor resident of Contra Costa County, in the State of California. Accordingly, an Application and Order for Appointment of *Guardian Ad Litem* requesting that ANDREWNETTIA DAVIS ("Ms. Davis"), Plaintiff's [relation], be appointed as his *Guardian ad Litem* in the United States District Court, Northern District of California was filed contemporaneously with this lawsuit. To protect his privacy Plaintiff has been identified herein as **"C.M."**

5.    At the time of the incident giving rise to this action, Plaintiff was a special education student entrusted to the care of Defendants JOHN SWETT UNIFIED SCHOOL DISTRICT ("JSUSD" or "District") and Defendant SONYA GRAFFAM ("GRAFFAM") at Rodeo Hills Elementary School ("Rodeo").

6.      At all material times, Defendant JSUSD is a public entity within the meaning of California Government Code sections 811.2, 900 *et seq.* and is duly incorporated and operating under California law as a school district. The state of California apportions funds to JSUSD pursuant to Local Control Funding Formula ("LCFF"). Although the balance between sources fluctuates slightly from year to year, the federal government provides approximately 10 percent of this funding. LCFF funds are not apportioned by source. The state disburses additional categorical funds for Special Education using primarily a "census-based" method that allocates money to local consortia of schools and districts based on their total student population.

7.      The local control funding formula (LCFF) was enacted in 2013-14, and it replaced the previous kindergarten through grade twelve (K-12) finance system which had been in existence for roughly forty years. Under the LCFF California has vested control of school funding in the local rather than state governments. School-related spending is carried out by JSUSD. JSUSD makes decisions about how schools and classrooms will operate and utilize resources. LCFF funds are technically "unrestricted" which means JSUSD had discretion over how they are used.

8.      Plaintiff alleges that Defendants JSUSD and/or DOES 1 through 10 at all relevant times herein mentioned controlled, directed, managed, operated and/or owned Rodeo Hills.

9.      At all relevant times, Defendant SONYA GRAFFAM ("GRAFFAM") was employed as a teacher aide by JSUSD and/or DOES 1 through 10, at Rodeo Hills. All actions alleged herein by GRAFFAM were taken under color of state law and in course and scope of her employment with JSUSD and/or DOES 1 through 10.

10.      Plaintiff alleges that at all relevant times, DOES 11 through 21 were the employees, agents, officers and/or directors of Defendant JSUSD and were acting within the course and scope of their employment with JSUSD or in an official capacity. Pursuant to California Government Code sections 815.2 and 820, JSUSD is liable for the acts and omissions of its employees that are within the course and scope of employment. *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747.

11.     Plaintiff additionally alleges that at all relevant times, DOES 33 through 43 were the employees, agents, officers and/or directors of DOE Defendants 1 through 10 and were acting within the course and scope of their employment with DOES 1 through 10 or in an official capacity. Pursuant the well-established legal principal of respondeat superior, DOES 1 through 10 are vicariously liable for the torts of their employees that are committed within the scope of their employment. *Perez v. Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 967.

12.     The true names and capacities, whether individual, corporate, partnership, joint venture, or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues Defendants by such fictitious names. When the true names and capacities of DOES 1 through 50 are ascertained, Plaintiff will seek leave to amend this complaint by inserting their true names and capacities herein.

13.     Plaintiff alleges that each of the named Defendants and each of the fictitiously named Defendants are legally responsible in some manner for the occurrences alleged herein, and that the injuries as alleged herein were proximately and legally caused by the acts and/or omissions of such Defendants.

14.     Plaintiff alleges that during the relevant times referenced herein, that each of the Defendants sued herein was the agent, servant, employee, joint venture, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants, and was acting within the purpose, scope, course, and authority of such agency, servitude, employment, joint venture, partnership, division, ownership, subsidiary, alias, assignment, alter-ego, and with the authority, consent, approval, and ratification of each remaining Defendant.

## COMPLIANCE WITH GOVERNMENT CLAIMS ACT FILING PREREQUISITES

15.     On or about June 8, 2018, Plaintiff presented a written government claim to Defendant JSUSD for the injuries, losses, and damages that he suffered because of the occurrences described herein, pursuant to Government Code sections 900 through 915.4.

16.     On July 5, 2018, JSUSD notified Plaintiff that his claim had been rejected by JSUSD on June 27, 2018.

17.     Accordingly, this action is timely filed in conformity with the period provided by the California Government Code sections 900 through 915 .4 and Plaintiff has complied with the Government Claims Act filing prerequisites.

### III.    STATEMENT OF FACTS

18.     At the time of the incident giving rise to this action, Plaintiff was a ten-year-old boy with Attention Deficit Hyperactivity Disorder/Attention Deficit Disorder ("ADHD/ADD"), other health impairments (OHi), and a special learning disability ("SLD"). As a result of these conditions, Plaintiff is and was unable to successfully participate in general education programs and was therefore made eligible for special education services and supports pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sections 1401 et seq.

19.      In or around October of 2018, Plaintiff was enrolled into Defendant JSUSD's special education program in order for him to receive the additional care and support needed to succeed in school. Upon admission into the program, JSUSD placed Plaintiff at Rodeo School, a public school specialized in providing k-12 educational services to special education students. Based on the additional needs that were known by JSUSD, Plaintiff was placed in the Special Day Class (SDC) for one-hundred percent inclusion in the special education program.

**Plaintiff Was Injured When Staff Kicked His Chair Out From Under Him, Causing Him to Fall and Strike His Back Against a Table**

20.     As a result of Plaintiff's inclusion in the special education program at Rodeo Hills, Defendants developed a Behavior Intervention Plan (BIP) and an Individualized Education Program (IEP) to address his unique educational needs and to maximize his opportunity for success by teaching new problem-solving skills and positive intervention strategies to better manage his known disability related behaviors, which included becoming distracted or agitated by other students.

21.     On or about October 10, 2018, at approximately 1:30 p.m., GRAFFAM got into a verbal argument with Plaintiff, who was a student in the special education class for which GRAFFAM was serving as a teacher's aide. GRAFFAM used profanity toward Plaintiff, and

then kicked Plaintiff's chair while he was seated in it, causing Plaintiff to fall out of the chair and strike his back against a table.

22.     As a result of the conduct of Defendants, and each of them, Claimant suffered injuries to his back and emotional distress. The full extent of damages is presently unknown.

### IV.     PLAINTIFFS' CLAIMS

23.     All claims for relief set forth below incorporate all of the facts set forth above.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Violation of Constitutional Rights)

25.     Plaintiff alleges that Defendants JSUSD, GRAFFAM and DOES 1 through 50 violated 42 U.S.C. section 1983 when they deprived him of his constitutional rights while acting under the color of state law. *Gomez* v. *Toledo* (1980) 446 U.S. 635, 640.

26.     Plaintiff has a constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and to be secure in his person and to maintain his bodily integrity against unreasonable assaults of his person. All public-school students have the right under the Fourth Amendment to be free from unreasonable searches and seizures. The unreasonable use of excessive force and corporal punishment of a student violates this right. *Doe ex rel. Doe* v *Hawaii Dept. of Education,* 334 F.3d 906, 909 (9th Cir. 2003). Further, Plaintiff alleges a Fourteenth Amendment right to life, liberty, and property free from interference, without due process of law. U.S. Const. Amendment XIV, sec. 1. The constitutional right of a child "to be free from, and to obtain judicial relief for, unjustified intrusions on personal security" was clearly established prior to the incidents giving rise to this litigation.

27.     GRAFFAM violated Plaintiff's rights under the Fourth Amendment and Fourteenth Amendment by using unjustified and unreasonable force against him.

28.     GRAFFAM's' conduct in physically kicking Plaintiff's chair unlawfully subjected him to excessive, unreasonable, and unnecessary physical force.

29.     In light of the clear constitutional prohibition of excessive physical abuse of schoolchildren, and the heightened protections for disabled pupils, no reasonable special

education teacher or teacher's aide would believe that the use of force employed by GRAFFAM was lawful.

### Supervisory Liability - School Officials

30. Plaintiff alleges that Defendants DOES 1 through 50, are individually liable under § 1983 for their inaction in the training, supervision, and control of Defendant GRAFFAM.

31. On information and belief, Defendants DOES 1 through 50, ratified a custom that subjected Plaintiff to an educational environment in which he was physically and emotionally abused, in part by failing to train special education teachers and aides, or to hire qualified individuals to work in special education classrooms.

32. On information and belief, GRAFFAM had previously used excessive, unreasonable, and unnecessary physical force against other disabled students on several different occasions and Defendants DOES 1 through 50, had actual or constructive knowledge that GRAFFAM had previously engaged in and continued to engage in conduct that posed a pervasive and unreasonable future risk of constitutional injury to students like Plaintiff. The response of Defendants DOES 1 through 50 to that knowledge was so inadequate that it showed deliberate indifference to or tacit authorization of the constitutional violations. Plaintiff further alleges that Defendants DOES 1 through 50, abdicated their duty to report and discipline GRAFFAM when they first became actually or constructively aware of the alleged abuses.

33. Plaintiff alleges that there is here an affirmative causal link between the inaction of Defendants DOES 1 through 50, as the particular constitutional injury suffered by Plaintiff is a natural consequence of the "blind eye" acquiescence and failure to report and discipline prior abuses committed by GRAFFAM in that the former made the later more likely.

34. The acts and omissions on the part of Defendants DOES 1 through 50, establish that they are liable for the violation of Plaintiff 's clearly established constitutional rights because they demonstrated disregard of their responsibilities in hiring, training, supervising, disciplining and reporting abuses committed by GRAFFAM. The physical abuse allegations here do not concern IDEA violations. A reasonable special education school official would know that

GRAFFAM's conduct, and the failure of supervisors to address that conduct, are grounds for liability.

35.     Plaintiff alleges that Defendant JSUSD personally participated in the deprivation of Plaintiffs constitutional rights by failing to train, discipline, and supervise GRAFFAM and DOES 1 through 50. There is clear constitutional duty implicated in the restraint of disabled students which is a recurrent situation that JSUSD employees confront on a regular basis. JSUSD's failure to inform and train its employees of that duty creates an extremely high risk that constitutional violations will occur. On information and belief, JSUSD has actual knowledge its employees confront the particular situation on a regular basis, and that they often react in a manner contrary to constitutional requirements. JSUSD nonetheless fails to maintain adequate policies and conduct adequate training to prevent violations of the constitutional rights of students. The training program it provides is inadequate in relation to the tasks its employees are expected to perform, the need for more and different training was obvious, and inadequate training so likely to result in the use of excessive force and the failure to report the same, that JSUSD, and DOES 1 through 50 were deliberately indifferent to the need for more and different training.

36.     On information and belief, JSUSD has a permanent and well-settled practice of downplaying the abuse of special education students, exaggerating their behaviors in attempt to justify the abuse and unconstitutional restraint, failing to investigate abuse and unconstitutional restraint, failing to report abuse and unconstitutional restraint as required by law, and failing discipline the perpetrators when abuse and unconstitutional restraint comes to light. These practices facilitated the constitutional violation in this case as the practice normalizes recurrent constitutional deprivations and encourages future violations. JSUSD's knowledge that constitutional violations were regularly occurring and corresponding failure to take affirmative action to prevent future abuses constitutes deliberate indifference.

37.     As set forth in this Complaint, Defendants' conduct was a substantial factor in causing Plaintiff's harm.

38.      As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

39.      As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

40.      As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under 42 U.S.C. section 1988(b).

41.      Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiffs rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 12131 – Violation of Americans with Disabilities Act)

42.      Congress enacted the Americans with Disabilities Act ("ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that "individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination." 42 U.S.C. section 12101(a).

43.      In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. section 1210l(b)(l).

44.     Effective January 26, 1992, Title II of the Americans with Disabilities Act of 1990, entitled Plaintiff to the protections of the "Public Services" provision. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. section 12131, section 201 of the ADA.

45.     Pursuant to 42 U.S.C. section 12132, section 202 of Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

46.     At all times relevant to this action, Plaintiff was a qualified individual with a disability. Further, JSUSD is a public entity within the meaning of Title II of the ADA and provides a program, service, or activity to the general public. 42 U.S.C. section 12115, section 201.

47.     Plaintiff alleges that JSUSD denied him the benefits of access to their educational program when they subjected him to physical abuse causing him to fear returning to school and when they denied him a reasonable alternative placement.

48.     Additionally, JSUSD failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

49.     As set forth in this Complaint, JSUSD further failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons.

50.     Plaintiff alleges that GRAFFAM unconstitutionally kicked Plaintiff's chair because of his disability and in response to behaviors related to his disability. On information

and belief, GRAFFAM justified her misconduct both during and after the unconstitutional attack on the fact that Plaintiff had a disability and was exhibiting symptoms related to his disability. Non-disabled children were not subjected to similar acts of abuse. GRAFFAM was also deliberately indifferent to the risk that her actions would deprive Plaintiff of equal and meaningful access to education and exacerbate behaviors related to his disability.

51.     Plaintiff further alleges that DOES 1 through 50, were deliberately indifferent to abuse committed by GRAFFAM because the victims of their abuse, including Plaintiff, were persons with a disability.

52.     The deliberate indifference by employees of JSUSD gives rise to liability under the well-established legal principal of *respondeat superior. Duvall v. County of Kitsup*, 260 F.3d 1124 (9th Cir. 2001) makes abundantly clear that when a plaintiff brings a direct suit under the ADA or the Rehabilitation Act, a public entity is liable in respondeat superior for the acts of its employees.

53.     Defendants' conduct as alleged herein, was a substantial factor in causing Plaintiff's harm.

54.     As a direct, proximate, and foreseeable result of JSUSD's failure to comply with their duty under Title II, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

55.     As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under 42 U.S.C. section 12205.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CLAIM FOR RELIEF**

**(29 U.S.C. § 794 – Violation of the Rehabilitation Act of 1973)**

56.     Under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("Section 504"), a qualified individual with a disability may not, solely by reason of his/her disability, be subjected to discrimination, excluded from participation in, or denied the benefits of, any program or activity receiving Federal financial assistance. 29 U.S.C. section 794(a). As such Section 504 prohibits not only "discrimination" against the disabled, but also "exclu[sion] from ... participation in" and "deni[al] [of] the benefits of' state programs solely by reason of a disability. Furthermore, although Section 504' s provisions are not expressly affirmative in nature, the regulations adopted pursuant to Section 504 require qualifying public schools to affirmatively "provide a free appropriate public education to each qualified handicapped person." 34 C.F.R. section 104.33(a). Under those Section 504 regulations, a "free appropriate public education" requires "regular or special education and related aids and services that (i) are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met." 34 C.F.R. section 104.33(b)(l). Section 504's regulations gauge the adequacy of services provided to disabled individuals by comparing them to the level of services provided to individuals who are not disabled. When a handicapped individual is removed from a regular environment, the facility in which he or she is placed must still be "comparable" to that used by non-disabled students. 34 C.F.R. section 104.34(c).

57.     Plaintiff is informed and believes and thereon allege that JSUSD is and has been at all relevant times the recipients of Federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

58.    Plaintiff alleges that by subjecting Plaintiff to physical abuse, Plaintiff was unable to enjoy the benefits of education. Plaintiff alleges that non-disabled children who attend JSUSD are not subjected to similar acts of abuse and unconstitutional restraint. Because of this, Rodeo Hills, and the classroom in which Plaintiff was placed by reason of his disability, is not comparable to those used by non-disabled students.

59.    By its own acts or omissions in denying equal access to educational services, JSUSD has violated the rights of Plaintiff under Section 504 and the regulations promulgated thereunder.

60.    As set forth in this Complaint, GRAFFAM was deliberately indifferent to the risk that her actions would deprive Plaintiff of equal and meaningful access to education.

61.    DOES 1 through 50, and other District employees were deliberately indifferent to the abuse committed by GRAFFAM. They had actual knowledge of the abuse and knew that GRAFFAM was likely to continue abusing students similarly situated to Plaintiff but failed to act upon that knowledge.

62.    JSUSD is vicariously liable for the actions or inactions of its employees under the well-established legal principal of *respondeat superior. Duvall v. County of Kitsup*, 260 F.3d 1124 (9th Cir. 2001) makes abundantly clear that, when a plaintiff brings a direct suit under the ADA or the Rehabilitation Act, a public entity is liable in *respondeat superior* for the acts of its employees.

63.    As a direct, proximate, and foreseeable result of JSUSD's failure to comply with their duty under Section 504 and the regulations promulgated thereunder, Plaintiff has suffered damages, including special and general damages, the precise amount of which will be proven at trial.

64.     As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under 29 U.S.C. section 794a(b).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**

**(Negligence)**

65.     Plaintiff alleges that Defendants owed Plaintiff a duty of care to adequately supervise Plaintiff and to place him in an appropriate educational placement that was safe and free from danger and abuse.

66.     Plaintiff further alleges that Defendants owed a duty to Plaintiff's legal guardian to notify her of the assault perpetrated upon Plaintiff pursuant their special relationship to these Defendants.

67.     Plaintiff further alleges that Defendants owed a duty to Plaintiff to anticipate the criminal acts of a third person, as such acts were reasonably foreseeable. Plaintiff alleges that the risk of harm to Plaintiff was sufficiently high, and the burden on Defendants to protect against harm was sufficiently low, so as to impose upon Defendants a duty to protect Plaintiff.

68.     Defendants, and each of them, breached their duties to Plaintiff when they, inter alia:

(a) Failed to supervise students, including Plaintiff, at Rodeo Hills;

(b) Provided ineffective supervision of students, including Plaintiff, at Rodeo Hills;

(c) Failed to exercise ordinary care in supervising Rodeo Hills students, including Plaintiff;

(d) Failed to make reasonable efforts to perform the duties imposed by Cal. Ed. Code section 44807, Cal. Ed. Code section 32260 through 32296 et seq., Cal. Ed. Code sections 48900.2-48900.4 and Cal. Code Regs, tit. 5, sections 5551 and 5552;

(e) Failed to take steps necessary to protect students at JSUSD or warn the students, including Plaintiff and his parents;

(f) Negligently trained, supervised, managed and hired employees charged with the supervision of students, including Plaintiff;

(g) Violated the rights of Plaintiff set forth in Cal. Const. Art 1, section 28(c), Right to Safe Schools;

(h) Failed to properly investigate assaults on Plaintiff at Rodeo Hills;

(i) Failed to discipline GRAFFAM;

(j) Failed to implement and/or follow safety and security procedures and protocol;

(k) Failed to immediately report Plaintiff's assault to the proper authorities, thereby exposing Plaintiff to additional risk of injury and attendant damages;

(l) Failed to follow and enforce Individualized Education Plans, including those of Plaintiff;

(m) Delayed medical treatment to Plaintiff;

(n) Failed to notify Plaintiff's legal guardian of the assault;

(o) Failed to warn Plaintiff of the risk of physical and psychological harm at Rodeo Hills.

(p) Failed to reassign Plaintiff to another school after being physically assaulted by staff at Rodeo Hills even after JSUSD was on notice of the inappropriate,

unhealthy and unsafe environment that students, including Plaintiff, were exposed to.

69.     Plaintiff alleges that Defendants' negligence was a substantial factor in causing his harm.

70.     Pursuant to Government Code section 815.6 JSUSD may be liable with respect to the aforementioned mandatory duties because they were designed to protect against the very kind of injury that Plaintiff suffered as a result of Defendants' conduct.

71.     The breaches of the foregoing duties by Defendants created a foreseeable risk of the particular type of harm which occurred to Plaintiff, such harm which was likely to occur in the absence of adequate safeguards or supervision. Thus, Defendants knew, or should have known, that Plaintiff was subject to an unreasonable risk of harm such that Defendants should have taken preventative measures. Further, Plaintiff alleges that negligence by employees of JSUSD gives rise to vicarious liability pursuant to Cal. Govt. Code section 815.2 (a).

72.     Plaintiff alleges that JSUSD is vicariously liable for the negligent conduct of its employees who were aware of the abuse of students, including Plaintiff, who failed to investigate the abuse of students, and failed to warn Plaintiff of the danger of remaining in the school and failed to remove Plaintiff from the school. Further, JSUSD is vicariously liable for the negligent conduct of its employees who were aware of the abuse of students, including Plaintiff, but failed to report the abuse in violation of their mandatory duty under Penal Code section 11165 et seq.

73.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

74.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

75.     Plaintiff alleges that the conduct of Defendant GRAFFAM and DOES 11 through 21, as described herein, was done with a conscious disregard of Plaintiff's right to safety in school, guaranteed by the California Constitution, such as to constitute oppression, fraud, or malice under Code of Civil Procedure section 3294, and on information and belief, JSUSD administrators knew, authorized, ratified, or perpetrated the oppression, fraud, or malice, entitling Plaintiff to punitive damages against all non-public entity Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

**(Negligent Hiring, Supervision, or Retention of Employee)**

76.     At all relevant times, Defendant JSUSD had a legal duty to protect and supervise the students of JSUSD, including Plaintiff. In executing these duties, Defendant JSUSD additionally owed a duty to exercise reasonable care in the hiring, supervision, training and retention of their employees. This duty includes ensuring that staff are competent in the performance of their duties. School administrators must ensure that policies and procedures are followed by school employees and that such employees have the requisite knowledge and training. *Virginia G. v. ABC Unified School District* (1993) 15 Cal.App.4th 1848, 1855.

77.     A school district may be directly liable for the negligence of its administrators and supervisors in hiring, supervising and retaining a school employee who abuses a student. *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 879.

78.     Plaintiff alleges that he was harmed by the conduct of GRAFFAM and DOES 11 through 21, while enrolled as a student at Rodeo Hills. Additionally, Plaintiff alleges that JSUSD

is responsible for this harm because DOES 11 through 21, negligently hired, supervised, trained and/or retained these and other Rodeo Hills staff.

79.     Having a continuous duty to supervise staff members in order to ensure they are competently performing their duties, Defendant JSUSD knew or should have known that GRAFFAM and DOES 11 through 21 were, or became, unfit or incompetent to perform the work for which they were hired, including unfit or incompetent to carry out the above-mentioned duties, as alleged herein, thereby posing a particular risk to students, including Plaintiff. Further Plaintiff alleges that JSUSD knew, or should have known, that GRAFFAM and DOES 11 through 21, posed a particular risk to students because they failed to immediately report the subject incident to the proper authorities, thereby exposing Plaintiff to additional risk of injury and attendant damages.

80.     Despite having a heightened duty, Defendant JSUSD failed to exercise reasonable care in the hiring, supervision, and retention of their employees. Further, the negligent hiring, supervision and retention, was a substantial factor in causing the Plaintiff's harm. Specifically, Defendants breached the duties owed to Plaintiff when they, inter alia:

(a) Failed to supervise teachers, aides, and staff in the performance of their duties;

(b) Failed to ensure teachers, aides, and staff had the requisite knowledge and/or training to competently carry out their duties;

(c) Failed to ensure that teachers, aides, and staff followed school policies aimed at the safety and protection of students;

(d) Failed to ensure that teachers, aides, and staff followed Plaintiff's IEP;

(e) Failed to properly investigate Plaintiff's assault at Sierra School; and

(f) Failed to ensure that incidents of abuse are properly reported.

81.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

82.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

83.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

### (Battery)

84.     As set forth in this Complaint, GRAFFAM committed a battery against Plaintiff when she kicked the chair on which he was sitting with the intent to harm or offend.

85.     In California, a battery is a violation of an individual's interest in freedom from intentional, unlawful, harmful or offensive unconsented contacts with his or her person. *Rains v. Superior Court* (1984) 150 Cal.App.3d 933,938. The willful and unlawful use of force upon another is also a criminal offense. California Penal Code section 242.

86.     Plaintiff did not consent to the touching.

87.     Plaintiff was harmed or offended by Defendant GRAFFAM's conduct.

88.     Plaintiff alleges that a reasonable person in Plaintiff's situation would be offended by the touching.

89.     Defendants JSUSD and DOES 1 through 10 are vicariously liable for the claims against its employees which occurred during the course and scope of their employment.

90.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

91.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

92.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CLAIM FOR RELIEF

### (Discrimination in Violation of the Unruh Civil Rights Act Civil Code Section 51)

93.     Plaintiff alleges that Defendants violated the Unruh Civil Rights Act when they denied him full and equal access to advantages, facilities, privileges or services because of his disability.

94.     The Unruh Civil Rights Act, California Civil Code section 51 et seq., provides that all persons are free and equal, no matter their disability, and are entitled to full and equal

access to services in all business establishments of every kind whatsoever. Additionally, Civil Code section 52(a) states that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51 ... is liable for each and every offense.

95.    The Unruh Civil Rights Act serves to "preserve a nondiscriminatory environment in California business establishments." *Flowers v. Prasad* (2015) 238 Cal.App.4th 930, 937. The scope of the Unruh Civil Rights Act has been broadly interpreted. The fact that the California Legislature used the words, "all" and "of every kind whatsoever" in referring to business establishments, is emblematic of an intent that the term "business establishments" be used in the broadest possible sense. *O'Connor v. Village Green Owners Assn.* (1983) 33 Cal.3d 790, 795.

96.    Plaintiff alleges on information and belief that the provision of educational services is a business as recognized by the United States Department of Labor. Specifically, the United States Department of Labor Statistics recognizes the educational services sector as part of the educational and health services super-sector. The educational services sector consists of a single subsector, Educational Services: NAICS 611. The Educational Services sector comprises establishments that provide instruction and training in a wide variety of subjects. This instruction and training is provided by specialized establishments, such as schools, colleges, universities, and training centers. These establishments may be privately owned and operated for profit or not for profit, or they may be publicly owned and operated.

97.    The Ninth Circuit has recognized that provision of educational services is not a function that is exclusively the prerogative of the state. *See Caviness v. Horizon Cmty. Learning Ctr., Inc.,* 590 F.3d 806, 816 (9th Cir. 2010). A school district generally resembles an ordinary for-profit business in that it has an annual budget based on the number of students served (or customers), has a tiered management hierarchy wherein all managers receive a salary, enters into contracts with third party vendors, and employs teachers who are members of unions that

function identically to traditional labor unions. It therefore follows that a public-school district is a "business establishment" under the broad scope intended by the Unruh Act. Public school districts are thus considered "business establishments" within the meaning of the Unruh Civil Rights Act. *See Nicole M v. Martinez Unified School District* (1997) 964 F.Supp.1369 (N.D. Cal. 1997); see also SACV 17-00069 JVS (KESx), [2017 U.S. Dist. LEXIS 220241, at *13], *K.T. v. Pittsburg Unified Sch. Dist.* (N.D. Cal. 2016) 219 F. Supp. 3d 970, 983; *E.F. v. Delano Joint Union High Sch. Dist.* (E.D. Cal., Oct. 6, 2016, No. 116CV01166LJOJLT), [2016 WL 5846998, at *9], *Walsh v. Tehachapi Unified Sch. Dist.* (E.D. Cal. 2011) 827 F. Supp. 2d 1107, 1123, *Y.G. v. Riverside Unified Sch. Dist.* (C.D. Cal. 2011) 774 F. Supp. 2d 1055, 1065, *Nicole M. v. Martinez* USD (N.D. Cal. 1997) 964 F. Supp. 1369, *Doe v. Petaluma City Sch. Dist.* (N.D. Cal. 1993) 830 F. Supp. 1560, 1581-82; *Sullivan v. Vallejo City USD* (E.D. Cal. 1990) 731 F. Supp. 947, see also *Davison v. Santa Barbara High Sch. Dist.* (C.D. Cal. 1998) 48 F. Supp. 2d 1225, 1232-33 (concluding that a plaintiffs allegation that a public school failed to adequately respond to complaints of harassment gives rise to a cognizable claim under the Unruh Civil Rights Act). Plaintiff accordingly alleges that JSUSD is a "business establishment" under the Act.

98.     Defendant GRAFFAM denied Plaintiff full and equal accommodations, advantages, facilities, privileges, and/or services. Additionally, Defendants discriminated against Plaintiff which resulted in a denial of full and equal accommodations, advantages, facilities, privileges, and/or services to him. On information and belief Plaintiff alleges he was battered based on disability and in response to behaviors related thereto.

99.     Defendants DOES 1 through 10, are vicariously liable for the claims against its employees which occurred during the course and scope of their employment.

100.     Because the Unruh Civil Rights Act creates a mandatory duty designed to protect Plaintiff from the discriminatory conduct that caused his harm, JSUSD is liable pursuant to Government Code section 815.6.

101.     Defendant JSUSD is also directly liable as it promulgated the policies and customs which direct resulted in the Plaintiff's battery. Plaintiff alleges that similarly situated non-disabled students are not similarly treated. On information and belief, Defendants JSUSD approved this arbitrary differential treatment.

102.     Plaintiff alleges that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

103.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

104.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

105.     As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under California Civil Code section 52.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//

//

//

1

2

## EIGHTH CLAIM FOR RELIEF

**(Discrimination in Violation of the California Education Code Section 200 et seq.)**

3

4

5

6

106.    Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of disability ... .in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

7

8

9

10

11

12

107.    A plaintiff may maintain an action for monetary damages against a school district when the plaintiff alleges that (1) he suffered severe and pervasive conduct that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities; (2) the school had actual knowledge of the conduct; and (3) the school responded with deliberate indifference.

13

14

15

16

17

108.    Plaintiff alleges that GRAFFAM subjected him to physical abuse which effectively deprived Plaintiff of the right to equal access to the educational benefits and opportunities. Plaintiff alleges that GRAFFAM subjected Plaintiff to physical abuse by reason of his status as a disabled student and in response to his disabilities.

18

19

20

21

22

23

24

25

109.    Plaintiff further alleges that Defendants JSUSD and DOES 1 through 10, unreasonably denied him an alternative placement despite knowing that the fear and anxiety that Plaintiff suffered following his physical assault prevented him from attending school. Plaintiff alleges that JSUSD and DOES 1 through 10, had actual knowledge of the foregoing acts. Finally, and notwithstanding said knowledge, JSUSD and DOES 1 through 10, responded with deliberate indifference, failing to take any corrective actions against any of the employees involved in the incident which amounts to ratification of the discriminatory conduct.

26

27

28

110.    Plaintiff further alleges that Plaintiff's guardian informed JSUSD and DOES 1 through 10, that special needs children, including Plaintiff, had been abused and that Defendants

were deliberately indifferent to the abuse when they took no action to discipline or prevent future abuse. Further Defendants denied Plaintiff's request for an alternative placement despite knowing that he suffered from significant fear and anxiety as a result of his physical assault because they withheld to use that fear and anxiety as leverage to obtain a release of liability for their prior invidious discrimination.

111.    Plaintiff alleges that California Education Code section 220 created a mandatory duty designed to protect Plaintiff from the kind of injury that he suffered. Accordingly, JSUSD is liable pursuant to Government Code section 815.6. Plaintiff alleges that the local educational agency did not appropriately, and in a timely manner, apprise Plaintiff of his right to file a complaint with the State Department of Education.

112.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

113.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CLAIM FOR RELIEF

**(Violation of Mandatory Reporting Duty, California Penal Code Section 11166)**

114.    Government Code section 815.6 states there is government liability for failure to perform a mandatory duty "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty

unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Gov. Code section 815.6. Thus, the government may be liable when (1) a mandatory duty is imposed by enactment, (2) the duty was designed to protect against the kind of injury allegedly suffered, and (3) breach of the duty proximately caused injury."

115.    Under California Penal Code section 11166, "mandatory reporters" are required to report, immediately or as soon as practicably possible, any known or suspected child abuse or neglect. Mandatory reporters include, but are not limited to, teachers, instructional aides, and administrative officers. Penal Code section 11165.7. Accordingly, the employees of JSUSD and DOES 1 through 10, were at all relevant times herein, obligated to report known or suspected abuse, such as the physical assault perpetrated against Plaintiff by GRAFFAM.

116.    Specifically, Plaintiff alleges that GRAFFAM and DOES 11 through 43, were teachers, instructional aides, classified personal and/or administrative officers of JSUSD and DOES 1 through l0, who each had a mandatory duty to report his physical assault. Penal Code section 11166.

117.    Plaintiff alleges that Defendants and DOES 1 through 50, knew that he was the victim of abuse as defined by Penal Code sections 11165.3 and 11165.4, and that they nonetheless failed to comply with their mandatory duties, by reporting the abuse to any of the agencies specified in Penal Code section 11165.9, or otherwise report the information known to them as required by Penal Code section 11166.

118.    It is the declared purpose of California's mandatory reporting statutes, to protect minors, including Plaintiff, from abuse. At all relevant times, Plaintiff was a member of the class of persons for whom California's mandatory reporting statutes were designed and enacted to protect. Further, the injuries that Plaintiff suffered as a result of being physically assaulted by an

adult, are the type of injuries that the mandatory reporting statutes were designed and enacted to prevent.

119.     Plaintiff alleges that he was harmed by Defendants' conduct, including but not limited to the delay in his medical treatment.

120.     Further, Plaintiff alleges that Defendants' failure to perform their mandatory reporting duties was a substantial factor in causing his harm.

121.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

122.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CLAIM FOR RELIEF

### (Violation of the Bane Act, California Civil Code Section 52.1)

123.     Civil Code section 52.1 protects against interference with the rights of an individual that are secured by the Constitution or laws of the United States or the rights secured by the laws of the state of California by threat, intimidation, or coercion.

124.     Plaintiff has a fundamental right to a school-based education under the California Constitution. Specifically, California has assumed a statewide responsibility for a public education system open on equal terms to all. *Butt v. California* (1992) 4 Cal.4th 668, 680. Under California Constitution, Article I, section 7(a) and Article IV, section 16(a), a public-school system may not deny some students the basic educational necessities provided to other students.

Further, under the Fourth Amendment of the United States Constitution, all public-school students have the right under the Fourth Amendment to be free from unreasonable searches and seizures. The unreasonable use of excessive force and corporal punishment of a student violates this right. *Doe ex rel. Doe v. Hawaii Dept. of Education*, 334 F.3d 906, 909 (9th Cir. 2003). Accordingly, Plaintiff has liberty interests in bodily integrity and the right to be free from potentially dangerous harassment or abuse, which causes Plaintiff to fear school to the extent that he is unable to attend and is therefore deprived of his right to a school-based education.

125.    Plaintiff also has the right to protection from bodily restraint, bodily harm, and personal insult, secured by Civil Code section 43. The injuries inflicted by GRAFFAM violated Plaintiff's rights and were carried out with threats, intimidation and/or coercion.

126.    Plaintiff alleges that GRAFFAM acted violently against Plaintiff because of and response to behaviors that were a manifestation of his disability and prevented him from exercising his rights, including preventing his access to a school-based education. Additionally, JSUSD ratified these violent acts and further prevented Plaintiff from exercising his right to a school-based education when failed to provide a safe learning environment, failed to investigate known abuse, and failed to make ensure that Plaintiff could return to an environment free from harassment or abuse.

127.    As a result, Plaintiff was harmed. Additionally, Defendants' conduct was a substantial factor in causing his harm.

128.    As set forth in this Complaint, that JSUSD is vicariously liable for the conduct of GRAFFAM.

129.    Further, JSUSD is liable because it was under a mandatory duty not to interfere with Plaintiff's right to a school-based education and Plaintiff's right to protection from bodily restraint, bodily harm, and personal insult, by means of threat, intimidation, or coercion. Further,

this duty was designed to protect Plaintiff from the type of injuries he suffered as a result of a breach of this duty.

130.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

131.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

132.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiffs rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

133.    As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under California Civil Code section 52.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

134.    Plaintiff alleges that GRAFFAM intentionally used improper use of restraint and force, including verbal and physical abuse, against Plaintiff.

135.   Instead of calmly assessing the situation and acting in moderation, GRAFFAM both verbally and physically attacked Plaintiff while he was sitting in his chair without warning. GRAFFAM initiated the physical attack in that she kicked Plaintiff's chair causing him to fall backwards and strike his back on the table behind him.

136.   Plaintiff sustained serious injuries as result of the assault and battery perpetrated by GRAFFAM. There is no reasonable excuse for the misconduct which a reasonable juror could easily conclude was extreme and outrageous.

137.   Plaintiff alleges that the supervisory Defendants' conduct was also extreme and outrageous, in that after learning about the improper use of restraint and force by GRAFFAM, Defendants covered for her, downplayed what occurred to Plaintiff's guardian, and failed to discipline the perpetrators of the abuse. Plaintiff further alleges that Defendants failed to take any corrective measures following the initial assault thereby preventing Plaintiff access to immediate medical treatment following the assault. Defendants further engaged in deliberate actions to deprive Plaintiff access to a school-based education and to prevent Plaintiff from exercising his constitutional rights. As a whole and individually, Defendants' conduct was outrageous in that it was so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Hughes v. Pair* (2009) 46 Cal. 4th 1035, 1050-1051.

138.   Plaintiff alleges that Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

139.   Plaintiff alleges that Plaintiff suffered severe emotional distress.

140.   As a result, Plaintiff was harmed. Additionally, Defendants' conduct was a substantial factor in causing his harm.

141.   As set forth in this Complaint, JSUSD is vicariously liable for the conduct of GRAFFAM.

142.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

143.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

144.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiffs rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **PRAYER**

1.    For general damages according to proof at trial;

2.    For special damages according to proof at trial;

3.    For an award of up to three times the amount of actual damages or $4,000, whichever is greater, pursuant to Civil Code section 52, subdivision (a);

4.    For an award of a civil penalty in the amount of $25,000, pursuant to Civil Code Section 52, subdivision (b);

5.    For punitive damages against Defendants GRAFFAM and DOES 1-50;

//
//
//
//
//

6.      For costs and attorney's fees, pursuant to Section 1988 and other applicable statutes; and

7.      For such other relief as the Court may deem proper.


Dated:  September 20, 2019

**LAW OFFICE OF JOSEPH S. MAY**


By: */s/Joseph S. May*
        JOSEPH S. MAY


**GEARINGER LAW GROUP**


By: */s/ Brian Gearinger*
        BRIAN GEARINGER


Attorneys for Plaintiff C.M.

### JURY TRIAL DEMANDED

Plaintiff C.M. demands a trial by jury in this action.

Dated: September 20, 2019

**LAW OFFICE OF JOSEPH S. MAY**


By: */s/Joseph S. May*
        JOSEPH S. MAY


**GEARINGER LAW GROUP**


By: */s/ Brian Gearinger*
        BRIAN GEARINGER


Attorneys for Plaintiff C.M.